UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALEXIS HERNANDEZ,<br><br>　　　　　　Defendant. | Case No. 4:17-cr-00181-DCN<br><br>**AMENDED MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Alexis Hernandez' Motion to Request an Extension to File a Motion Pursuant to 28 U.S.C. § 2255. Dkt. 540. No response has been filed by the Government. For the reasons outlined below, the Court finds good cause to DISMISS the motion.

## II. BACKGROUND

On October 22, 2019, Hernandez was sentenced to 46 months incarceration followed by 5 years of supervised release for the crime of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). A Judgment was also entered on that same day. Hernandez' time to file an appeal ran on November 5, 2019.

**AMENDED** MEMORANDUM DECISION AND ORDER - 1

### III. LEGAL STANDARD

Section 2255 provides that a defendant may file a motion for relief from a judgment of conviction within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A judgment of conviction becomes final when the Supreme Court "affirms [the] conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

### IV. DISCUSSION

Hernandez contends that he cannot meet the deadline to file his § 2255 Motion because the Bureau of Prison facility where he is housed (Big Spring Correctional Center) has refused to give him legal paperwork mailed to him by family members. Documents submitted by Hernandez in support of his motion show that he has been inquiring about his legal paperwork since on or about July 28, 2020. Hernandez seeks an extension of 60 days to file his § 2255 Motion. This, given the circumstances, does not seem like an unreasonable request. The Constitution requires prisons and jails to provide prisoners with

reasonable access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).  While there is no constitutionally mandated means by which prisons must provide access, at a minimum, prisons must provide prisoners the resources they need to "attack their sentences, directly or collaterally, and … to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355, 116 S.Ct. 2174.

However, most Circuits who have been faced with the question of whether under Article III they can hear motions for extension of time to file § 2255 motions unless the defendant files a § 2255 motion with the motion for extension of time, have held that the federal courts lack subject matter jurisdiction. *United States v. Marin-Torres*, 430 F. Supp. 3d 736, 739 (D. Or. 2020) (citing *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (per curiam); *United States v. Hernandez*, 431 F. App'x 813, 814 (11th Cir. 2011); *United States v. White*, 257 F. App'x 608, 609 (4th Cir. 2007); *United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 F. App'x 686, 687 (6th Cir. 2003)). Only the Third Circuit has held that district courts have jurisdiction to hear this type of motion. *See United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013). This Court is persuaded by the reasoning and consensus among most of the Circuits and holds that because Defendant has not filed a § 2255 motion, the Court lacks subject matter jurisdiction to grant Hernandez an extension of time.

///
///
///
///

**AMENDED** MEMORANDUM DECISION AND ORDER - 3

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Alexis Hernandez' Motion to Request an Extension to File a Motion Pursuant to 28 U.S.C. § 2255 (Dkt. 540) is DISMISSED for lack of jurisdiction.

DATED: December 18, 2020

David C. Nye
Chief U.S. District Court Judge