UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ALEXIS HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:20-cv-00594-DCN<br>4:17-cr-00181-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

The Court has before it Petitioner Alexis Hernandez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Dkt. 1; CR Dkt. 542.[1] The Government has filed its Response. Dkt. 3. Hernandez filed an untimely Reply, which the Court has leniently considered. Dkt. 8. Having reviewed the briefing and the record in this action, the Court DENIES the motion.

## II. BACKGROUND

On November 30, 2017, law enforcement stopped Hernandez and conducted a walled-off traffic stop. Dkt. 3, at 2. Prior to the stop, Hernandez had negotiated a sale of methamphetamine. Unbeknownst to him, the buyer was an undercover officer. Dkt. 3, at 1. This led law enforcement to obtain a search warrant for Hernandez's phone location

---

[1] In this Order, "CR Dkt." is used when citing to the criminal case record in 4:17-cr-00181-DCN. The Court refers to the civil case docket, unless otherwise necessary.

records from his provider, AT&T. Dkt. 3, at 2. With this information, law enforcement tracked Hernandez's movements from Mexico to Idaho, and ultimately discovered Hernandez's negotiation and intended delivery date of the narcotics. *Id.*

Additionally, while law enforcement stopped and cited Hernandez for a window-tint violation under Idaho Code § 49-944, he also failed his sobriety test. Dkt. 3, at 2. A drug-detection dog sniff was then employed, which alerted law enforcement to the presence of drugs. *Id.* This triggered law enforcement to search Hernandez's vehicle in which they found 449.72 grams of methamphetamine. *Id.* at 3. Hernandez was charged and convicted of conspiracy to distribute drugs and possession with intent to distribute. *Id.* He received a prison sentence of 46 months on October 22, 2019. *Id.* at 4.

On December 29, 2020, Hernandez filed the instant motion. Dkt. 1. In his motion, Hernandez stated counsel failed to move to suppress evidence from his 2017 drug trafficking incident. *Id.* at 3. On January 29, 2021, the Government filed a Response to Hernandez's motion asserting that the motion was untimely filed and should be dismissed for that reason and on its merits. *See generally* Dkt. 3. The Government emphasizes that Hernandez pled guilty to the possession charge, that he had sufficient time to discuss the case with his attorney and see the Government's charges, and that he had been "adequately and competently" represented by his attorney. *Id.* Hernandez moved for an extension of time to file his Reply. Dkt. 4. The Government opposed the motion. Dkt. 5. The Court granted Hernandez's motion and extended the time for him to file his Reply to March 10, 2021. Dkt. 6. On April 2, 2021, Hernandez untimely filed his Reply. Dkt. 8. Nevertheless,

the Court has exercised its discretion to consider it in coming to a decision on this matter.[2]

### III. LEGAL STANDARD

**A. 28 U.S.C. § 2255 Motions**

Title 28 U.S.C. § 2255 provides four grounds on which a federal judge may grant relief to a federal prisoner who challenges the imposition or length of his or her custody: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." A court need not hold an evidentiary hearing in a § 2255 case "when the issue of the prisoner's credibility can be conclusively decided on the basis of documentary testimony and evidence in the record." *Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). A court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. If a court does not dismiss the proceeding, the court then proceeds to a determination under Rule 8 of

---

[2] Hernandez's original Motion for Extension of Time (CR Dkt. 544) and an Amended Motion for Extension of Time (CR Dkt. 548) were filed in his criminal case as well. Both motions are moot as the first one was granted in his civil case and the second one is unnecessary since the Court has considered his Reply.

whether an evidentiary hearing is required.

### B. Ineffective Assistance of Counsel

A defendant is entitled to effective assistance of counsel at the "critical stages" of criminal proceedings, including trial, sentencing, and direct appeal. *United States v. Leonti*, 326 F.3d 1111, 1116–17 (9th Cir. 2003). To challenge a sentence on grounds of ineffective assistance of counsel, a § 2255 movant must meet the widely known two-part test: (1) counsel's performance was deficient, and (2) the deficiency prejudiced his defense. *See Strickland v. Washington*, 466 U. S. 668, 687–88 (1984). To establish deficient performance, the movant must show that counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the movant must prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. In other words, a movant must make a showing sufficient to undermine a court's confidence in the outcome. *Id.*

A claim of ineffective assistance of counsel may be rejected on either the deficiency or prejudice prong, and a court need not address both. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005). Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

### IV. DISCUSSION

There are three issues in the present matter to be discussed. The first is the timing

of Hernandez's motion. The second is whether Hernandez's claim of a search and seizure violation is grounds for which the Court may grant relief under 28 U.S.C. § 2255. And the third is Hernandez's failure to persuasively allege ineffective assistance of counsel. The Court finds various reasons to deny Hernandez's motion and will address these claims in turn.

### A. One-Year Period of Limitation Under 28 U.S.C. § 2255(f)

First, Hernandez's motion is untimely. Generally, § 2255 petitioners have one year to file their motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If a petitioner does not appeal his conviction, a judgment is final "once the deadline for filing a notice of appeal expire[s] 14 days later." *United States v. Gilbert*, 807 F.3d 1197, 1200 (9th Cir. 2015) (citing Fed. R. App. P. 4(b)(1)(A)). Here, judgment was entered on October 22, 2019. Hernandez did not appeal his judgment. Thus, his judgment was final on November 5, 2019. Hernandez filed his § 2255 motion on December 29, 2020—in excess of the one-year limit. (Dkt. 1).[3] Therefore, the Court is statutorily required to deny Hernandez's motion. Nevertheless, even if Hernandez's motion were timely—which it was not—the following points provide independent reasons to deny his motion.

---

[3] In his Reply, Hernandez argues that his motion should not be dismissed because he moved for an extension to file his § 2255 motion. However, what he neglects to mention is that the Court denied his request because it was improper. CR Dkt. 543. Moreover, the Court does not find a basis for equitable tolling. There was no credible Government impediment to him filing the motion (28 U.S.C. § 2255(f)(2)), the motion is not based on a newly-recognized right retroactively applied by Supreme Court precedent (28 U.S.C. § 2255(f)(3)), and the motion is not predicated on newly discovered facts that could not have been discovered earlier (28 U.S.C. § 2255(f)(4))

MEMORANDUM DECISION AND ORDER - 5

**B. Grounds for Claims Under 28 U.S.C. § 2255(a)**

Next, a § 2255 motion must arise from one of four grounds on which a federal judge may grant relief, which Hernandez's claim does not. Those four grounds are that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Here, three of the four grounds are wholly inapplicable. Hernandez makes no argument that the court acted without the requisite jurisdiction to impose the sentence, that the sentence was more than the maximum authorized by law, or that the sentence is otherwise "subject to collateral attack."

Instead, Hernandez argues that his sentence was imposed in violation of search and seizure laws and that he received ineffective assistance of counsel. However, Hernandez waived his right to raise these claims by operation of his plea agreement. *See* Dkt. 3, Ex. C, at 25; *see also* Fed. R. Crim. P. 12(b)(3), (c)(3) (requiring a motion to suppress to be filed before trial); *Stone v. Powell*, 428 U.S. 465, 486–89 (1976) (explaining that § 2255 petitioners cannot raise illegal search and seizure claims in a 2255 proceeding after they have had a full and fair opportunity to litigate them); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir. 1980) (same); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976) (same). Indeed, the Court explicitly asked Hernandez whether he understood he was waiving his rights to file a § 2255 motion in his plea agreement to which Hernandez responded in the affirmative. Dkt. 3, Ex. C., at 25. Therefore, Hernandez's waived his claims, and he has no ground to proceed.

MEMORANDUM DECISION AND ORDER - 6

### C. Ineffective Assistance of Counsel

Finally, Hernandez's claim that his counsel's failure to file a motion to suppress on his behalf was ineffective lacks merit under both prongs of ineffective assistance of counsel.

*1. Deficient Performance*

Hernandez argues that the search of the rental car he was driving was an unreasonable search under the Fourth Amendment, that the methamphetamine seized should have been excluded as it was fruit of the poisonous tree because there was no search warrant authorizing the officers' action of searching the rental vehicle, and that law enforcement unlawfully obtained his geo-location through his phone data. Hernandez faults his counsel for not raising these arguments.

The Government argues that Hernandez's Fourth Amendment rights were not violated under the automobile search exception to the general warrant requirement, law enforcement would have discovered methamphetamine regardless of the on-site search because they would have lawfully impounded the rental car and searched it for inventory after his arrest for driving under the influence thereby triggering the inevitable discovery exception, and that they obtained his geo-location data pursuant to a warrant. Thus, counsel was not ineffective for not making what would have been meritless arguments.

The Court agrees with the Government's analysis. The warrantless automobile search exception and the inevitable discovery doctrine are two recognized exceptions to the Fourth Amendment's general warrant requirement. *See Carroll v. United States*, 267 U.S. 132, 159 (1925) (automobile exception); *Nix v. Williams*, 467 U.S. 431, 434–44

(1984) (inevitable discovery). The search of a vehicle "creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible." *California v. Carney*, 471 U.S. 386, 391 (1985).

Hernandez's claim that the search of his rental car was unconstitutional is dashed by the automobile exception because the officers had probable cause to believe that Hernandez was driving under the influence and that illegal contraband of that crime was in the vehicle. And, as for the inevitable discovery exception, the Government is correct that the evidence of his crimes would have been discovered regardless of a field search of the vehicle because they would have impounded the rental car and then searched it when taking inventory. Moreover, Hernandez's statement that law enforcement "wire tapped" his phone is inaccurate. Instead, the Government obtained the information from his cell provider, AT&T. Acting under a valid search warrant (Dkt. 3, Ex. A), the Government continued its ongoing investigation by requesting the cell-site location information from the various cell phone towers of the company. The cell-site record did not violate Hernandez's rights because the Government acted with a valid warrant to access AT&T's information. *See Carpenter v. U.S.*, 138 S. Ct. 2206, 2222 (2018) (holding that "the Government will generally need a warrant to access CSLI"). Accordingly, Hernandez's counsel did not render deficient performance for not arguing that his Fourth Amendment rights were violated in the ways he now claims.

2. *Prejudice*

Even if the evidence from Hernandez's case were suppressed, the other evidence of Hernandez's plan to distribute illegal narcotics was still so robust that he would have been


convicted. The Government points out that Hernandez had been seen on jailhouse videos with distribution organizers discussing monies owed and drug operations. He also met with an undercover officer and negotiated the sale of narcotics. Both were presented at trial. Further, Hernandez's Facebook profile contained images of drugs he was attempting to sell and Facebook pictures boasting about the arrival of another narco-saint tattooed on his back denoting a certain drug rank, which were also presented at trial. And his messages, also shown at trial, showed images of methamphetamine and correspondence stating his intent to traffic the drugs. The Government concludes that there is a reasonable probability a jury would have convicted Hernandez of drug conspiracy because of his deep enmeshment in the trade.

The Court agrees. There is sufficient evidence, aside from the evidence he seeks to suppress, to support a conviction. In short, there is nothing to suggest the result of the proceeding would have been different absent the evidence he seeks to have suppressed. Presenting evidence on his drug involvement, jail recordings, undercover distribution meetings, and texts and social media posts, Hernandez would have been very probably convicted of conspiracy to distribute. Hence, Hernandez is in this position not only because of the finding of drugs, but also because of the copious amount of evidence showing his conspiracy to distribute those drugs. There is no prejudice.[4]

---

[4] All Hernandez's other arguments and claims in his Reply are unpersuasive on their merits, and/or they are waived because they were not raised in his original motion. *United States v. Yazzie*, No. CV-19-08332-PCT-NVW (JZB), 2020 WL 5441736, at *3 n.2 (D. Ariz. Aug. 10, 2020) (first citing *United States v. Berry*, 624 F.3d 1031, 1039 n.7 (9th Cir. 2010); and then citing *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008)).

## V. CERTIFICATE OF APPEALABILITY

When a district court enters a final order denying a petition under § 2255, it must either issue or deny a certificate of appealability ("COA"). By statute, a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court has dismissed the petition or claim on the merits, the petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons set forth above, the Court concludes that Hernandez failed to make any showing, let alone a substantial showing, of the denial of a constitutional right. Accordingly, the Court will not issue a COA.

If Hernandez wishes to proceed to the United States Court of Appeals for the Ninth Circuit, he must file a notice of appeal in this Court within thirty days after entry of this Order, and he must seek a COA from the United States Court of Appeals for the Ninth Circuit in accordance with Federal Rule of Appellate Procedure 22(b)(2). *Id*. ("In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . . .").

## VI. CONCLUSION

For all the reasons stated above, the Court finds no reason to set aside Hernandez's conviction or sentence at this time, or to conduct an evidentiary hearing on the same. Thus, the motion is denied.

## VII. ORDER

**IT IS ORDERED:**

1. Hernandez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1, Case No. 4:20-cv-00594-DCN) (Dkt. 542, Case No. 4:17-cr-00181-DCN) is DENIED. The Clerk of the Court shall file this Order in both the criminal and civil cases.

2. Hernandez's original Motion for Extension of Time (CR Dkt. 544) and Amended Motion for Extension of Time (CR Dkt. 548) filed in Case No. 4:17-cr-00181-DCN are both DENIED as MOOT.

3. No certificate of appealability shall issue.

DATED: April 23, 2021

David C. Nye
Chief U.S. District Court Judge